UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NO. 07-70-KKC

UNITED STATES                                                                    PLAINTIFF

v.                                          **OPINION AND ORDER**

REBECCA ANN HAGAN                                                         DEFENDANT

\* \* \* \* \*

This matter is before the Court on Hagan's pro se motion for retroactive application of sentencing guidelines to crack cocaine offense which she filed as a motion under 28 U.S.C. § 2255. Rec. 48. The United States has filed a response and this matter is now ripe for review. Rec. 50. For the reasons set forth below, Hagan's motion will be denied.

Hagan was indicted along with William Cody on September 26, 2007. On January 22, 2008, Hagan pled guilty to Count Two of that indictment, charging her with possession of five (5) grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. § 844. The Court sentenced Hagan to a term of imprisonment of 60 months on May 12, 2008, the statutory mandatory minimum sentence.

On two prior occasions, the Court has issued orders on Hagan's motions for a reduction of her sentence pursuant under 18 U.S.C. § 3582(c)(2). In both orders, the Court attempted to convey to Hagan that because the amendments to the crack cocaine guidelines did not lower her sentencing guideline range, the Court was not authorized to reduce her sentence. Furthermore, the Court noted that Hagan was sentenced to the statutory minimum sentence of 60 months. Rec.

44, 47.

In her present motion, Hagan asserts that the Court should vacate its prior sentence "in light of clarified provisions in *Spears v. United States*....giving district court's discretion "to reject and vary categorically from the crack-cocaine Guidelines based on a policy agreement with those guidelines." Rec. 48 at 7. Furthermore, Hagan calls on this Court to "impose a 1:1 ratio [crack to powder cocaine] in petitioner's sentence and fashion a sentence that is consistent with the objectives of 18 U.S.C. § 3553(a)." *Id.*

Having reviewed the Supreme Courts decision in *Spears v. United States*, 129 S. Ct. 840, 172 L. Ed. 2d 596 (2009), the Court finds that it fails to support Hagan's arguments for vacating her sentence. In *Spears*, the Supreme Court clarified its prior holding in *Kimbrough* and emphasized that "district courts are *entitled* to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Id.* at 844 (emphasis added). Consequently, the Supreme Court specifically upheld the decision of a district court judge adopting a 20:1 ration between crack and powder cocaine. *Id.* However, *Spears* does not require district courts to adopt the 1:1 crack/powder cocaine ratio that Hagan seeks. It merely reemphasizes that district courts are free to vary from the crack-cocaine guidelines in imposing sentences that are sufficient but not greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a). In addition, *Spears* does not require district courts to vary from the crack-cocaine guidelines.

As the United States has pointed out, *Spears* does not authorize district courts to reduce previously imposed sentences under § 3582.[1] *See, e.g.*, *U.S. v. Brown*, 2009 U.S. Dist. LEXIS

---

[1] The Court will not address Hagan's argument for the retroactive application of *Spears* because she has not indicated how she would benefit from application of that decision or a 1:1 crack cocaine to powder cocaine ratio. However, several courts have already recognized that *Spears* does not apply retroactively to cases under either 18

108018 at *3 (D. Maine Nov. 17, 2009); *see also U.S. v. Davis*, 2009 U.S. Dist. LEXIS 99023 at *4 (S.D. W. Va. Oct. 22, 2009)("*Kimbrough* and *Spears*, though critical for *future* federal sentencing practice, do not provide the authorization necessary to revisit and modify past sentences"). Finally, the Court wishes to reiterate that in this instance it sentenced Hagan to the statutory mandatory minimum sentence of 60 months.

For the foregoing reasons, Hagan's motion to vacate, set aside, or correct her sentence is **DENIED.**

This 26th day of February, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

---

U.S.C. § 3582(c)(2) or 28 U.S.C. § 2255. *See* e.g., *U.S. v. Tchibassa*, 646 F. Supp. 2d 144, 149 (D. D.C. 2009)(explaining that the line of cases including *Spears* are not applicable retroactively).